UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THURMAN VAN LILLY, individually,
and as personal representative of the
Estate of Sadie Mae Lilly,

      Plaintiffs,                                  Case No. 09-11900

v.

                                                Hon. John Corbett O'Meara

HARPER HOSPITAL ASSOCIATES, INC., *et al.,*

      Defendants.

_____/

**ORDER DENYING PLAINTIFF'S**
**MOTION FOR RECONSIDERATION**

Before the court is Plaintiff's motion for reconsideration pursuant to Fed. R. Civ. P.

59(e), filed January 25, 2010.  Defendant Harper Hospital submitted a response on February 11,

2010.

Plaintiff Thurman Van Lilly filed a complaint on May 19, 2009, alleging various

violations of federal law and medical malpractice in relation to the death of his mother, Sadie

Mae Lilly.  Defendant Harper Hospital filed a motion to dismiss on September 11, 2009, on the

grounds that Plaintiff has no standing to bring this action, among other reasons.  Plaintiff did not

respond to the motion to dismiss.  On December 3, 2009, Magistrate Judge Virginia M. Morgan

issued a report and recommendation advising that Defendant's motion to dismiss should be

granted because, among other reasons, Plaintiff lacked standing.  Specifically, Plaintiff was not

appointed as personal representative of his mother's estate and, therefore, could not bring suit on

behalf of the estate.  Plaintiff did not file objections to the report and recommendation.   The

court adopted the report and recommendation on December 30, 2009, and entered judgment for

Defendant.

Plaintiff seeks reconsideration pursuant to Fed. R. Civ. P. 59(e).  In general, the court has discretion to grant relief under Rule 59(e) for the following three reasons: (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; or (3) relief is necessary to correct a clear error of law or prevent manifest injustice. Kenneth Henes Special Projects Procurement v. Continental Biomass Indus., Inc., 86 F. Supp.2d 721, 726 (E.D. Mich. 2000).  Rule 59(e) motions "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." Id. (citation omitted).

The court may also construe Plaintiff's motion as arising under Local Rule 7.1(g), which presents a similar standard.  See Hence v. Smith, 49 F. Supp.2d 547 (E.D. Mich. 1999).

> Generally, and without restricting the court's discretion, the court
> will not grant motions for rehearing or reconsideration which
> merely present the same issues ruled upon by the court, either
> expressly or by reasonable implication.  The movant shall not only
> demonstrate a palpable defect by which the court and the parties
> have been misled but also show that correcting the defect will
> result in a different disposition of the case.

LR 7.1(g)(3).

Plaintiff's motion does not satisfy either Rule 59(e) or LR 7.1(g).  Although Plaintiff contends that he is eligible to act as personal representative for his mother's estate, it is undisputed that he has not been appointed by the Michigan probate court to act in that capacity. Therefore, this information does not alter the court's determination that Plaintiff lacks standing

to bring this action on behalf of his mother's estate.

Plaintiff suggests the court should appoint counsel for him because he is indigent and incarcerated. Although the court understands the limitations of proceeding *pro se*, the appointment of counsel in civil cases is not a constitutional right and is only appropriate in "exceptional circumstances." Lavado v. Keohene, 992 F.2d 601, 605 (6th Cir. 1993). "Appointment of counsel . . . is not appropriate when a *pro se* litigant's claims are frivolous, or when the chances of success are extremely slim." Id. Given that Plaintiff is not the personal representative of his mother's estate, he cannot succeed in bringing this lawsuit and appointment of counsel is not appropriate.

Therefore, IT IS HEREBY ORDERED that Plaintiff's January 25, 2010 motion for reconsideration is DENIED.

s/John Corbett O'Meara
United States District Judge

Date:  February 12, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 12, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager
